UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BENITA R. SCHIRMER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-209

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] Before the Court are Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 6), and the record as a whole.[3]

**I.**

**A.**    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of January 1, 2013. PageID 229-38. Plaintiff claims disability as a result of a number of impairments including, *inter alia*,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

fibromyalgia, adrenal insufficiency, labyrinthitis,[4] vertigo, Ehlers-Danlos syndrome ("EDS"),[5] and postural orthostatic tachycardia syndrome ("POTS").[6] PageID 40.

After an initial denial of her application, Plaintiff received a hearing before ALJ Elizabeth A. Motta on January 19, 2017. PageID 60. The ALJ issued a written decision on August 15, 2017 finding Plaintiff not disabled. PageID 37. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[7] "there are jobs in that exist in significant numbers in the national economy that [she] can perform[.]" PageID 53. The Appeals Council then denied Plaintiff's request for review, making the ALJ's non-disability finding the Commissioner's final administrative decision. PageID 28. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B. **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 44-53), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[4] "'Labyrinthitis' is an inflammation of the internal ear, sometimes accompanied by vertigo and deafness." *Boley v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 294, 298 (2009).

[5] "Ehlers–Danlos syndrome is a condition that primarily affects connective tissue, skin, and joints, often leading to early-onset arthritis." *Hannon v. Unum Life Ins. Co. of Am.*, 988 F. Supp. 2d 981, 990 (S.D. Ind. 2013).

[6] "POTS is a form of orthostatic intolerance, the development of symptoms that come on when standing from a reclining position, that may be relieved by sitting or lying back down." *Kimberly L. W. v. Berryhill*, No. 17 C 50281, 2019 WL 354980, at *1 n. 1 (N.D. Ill. Jan. 29, 2019).

[7] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

# II.

## A. Standard of Review

The Court's inquiry on a Social Security disability appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

## B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

3

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred in: (1) weighing the opinion(s) of treating physician A. Patrick Jonas, M.D.; (2) weighing the opinion(s) of examining physician Amita Oza, M.D.; and (3) finding her husband's testimony not credible. Finding error in the ALJ's weighing of Dr. Jonas's opinion(s), the undersigned need not address Plaintiff's remaining two alleged errors. Instead, the undersigned would direct that the ALJ consider these alleged errors anew on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinions is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of

the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

In this case, Plaintiff's treating physician, Dr. Jonas, issued his first opinion regarding Plaintiff's ability to work on June 2, 2014, stating that she "is unable to work until January 1, 2016" and "is currently disabled for all occupations due to corticoadrenal insufficiency and fibromyalgia." PageID 359, 383. On May 31, 2016, Dr. Jonas again stated that Plaintiff was "completely disabled for any work for the foreseeable future." PageID 1029. On January 12, 2017, Dr. Jonas issued an opinion setting forth specific limitations arising from Plaintiff's impairments, finding that Plaintiff: could stand for 15 minutes at a time; could sit for 30 minutes at one time; was able to lift 5 pounds occasionally; could not bend or stoop; could occasionally balance and manipulate with her hands; was unable to raise her arms above shoulder level; and needed to constantly elevate her legs. PageID 1147-50. The ALJ assigned Dr. Jonas's opinion little weight, noting that the objective findings of record did not "corroborate the existence of any of EDS, POTS, and adrenal insufficiency[,]" and, because Dr. Jonas provided little explanation to support the extent of limitations opined. PageID 51.

As noted by Plaintiff, the ALJ's first comment regarding the lack of objective findings corroborating the existence of Plaintiff's EDS, POTS, and adrenal insufficiency is curious considering that, at Step Two of the sequential evaluation process, the ALJ found the opposite, *i.e.*, that Plaintiff's EDS, POTS, and adrenal insufficiency not only existed, but that they were severe, medically determinable impairments. PageID 40. An impairment can only be medically determinable if it is an "abnormalit[y] that can be shown by medically acceptable clinical and laboratory diagnostic techniques[,]" *i.e.*, an impairment that has been "established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. It is not clear how the ALJ, in one part of her opinion, can conclude objective evidence establishes that Plaintiff

6

suffers from these impairments, and then, in another part of her opinion, question their existence at all. Given the lack of clarity in this regard, the undersigned cannot find that such critique is a good reason for declining to afford Dr. Jonas's opinion controlling weight.

The only other critique provided by the ALJ in discounting the weight to be accorded to Dr. Jonas's opinions concerns the lack of explanation he provides in support of those opinions. PageID 51. There are three problems with such critique. First, such critique is not applicable when determining whether to afford a treating source's opinion controlling weight. *See* 20 C.F.R. § 404.1527(c)(3). While the regulations instruct that, "[t]he better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion[,]" *see id.*, such consideration of "supportability" is not part of the controlling weight analysis and, instead, is a factor "applied after the ALJ decides to 'not give the treating source's medical opinion controlling weight.'" *Lutz v. Comm'r of Soc. Sec.*, No. 3:16-CV-210, 2017 WL 3140878, at *3 (S.D. Ohio July 25, 2017), *report and recommendation adopted*, No. 3:16-CV-210, 2017 WL 3432725 (S.D. Ohio Aug. 9, 2017); *see also* 20 C.F.R. § 404.1527(c)(2) (stating that the supportability factor in paragraph (c)(3) is applied when the ALJ does "not give the treating source's medical opinion controlling weight"); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (noting that this factor is "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight").

Second, insofar as the ALJ discounted the weight accorded to Dr. Jonas's opinion on the basis that he provided an insufficient explanation, the undersigned notes that the record reviewers relied upon by the ALJ similarly provide no substantive explanation for their opinions, *see* PageID 108-09, 126-28, and ALJs are prohibited from applying greater scrutiny to the opinions of treating physicians than non-treaters. *Gayheart*, 710 F.3d at 379.

Finally, the undersigned would be remiss in failing to note that any suggestion by the ALJ -- that Dr. Jonas's opinions find no support in the record -- would not be correct because Dr. Oza (the only other medical source who provided an opinion based upon an actual examination of Plaintiff[8]) opined that Plaintiff's ability to work at even a sedentary level would be affected by her impairments, *i.e.*, that Plaintiff is disabled because she cannot perform sedentary work. PageID 608-09.

Based on the foregoing, the undersigned concludes that the reasons set forth by the ALJ in rejecting the opinion of treating physician Dr. Jonas are not supported by substantial evidence. Therefore, the non-disability finding at issue should be reversed.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). Such is the case here. Given the consistent evidence, by treaters and examiners alike supporting Plaintiff's disability claim, the undersigned finds an immediate award of benefits proper in this case.

---

[8] Dr. Oza examined Plaintiff one time, on January 15, 2015, finding that she "appears ill and pale"; "has pain on multiple tender points over biceps, upper back, neck, lower back, and her thighs"; showed discomfort at the hips upon range of motion exam; and walked with a slow gait. PageID 608-09. Based upon her examination, Dr. Oza opined that Plaintiff's "work-related activities[,] even at [the] sedentary level[,] are affected due to her [impairments]." PageID 609.

8

## V.

It is therefore **RECOMMENDED** that: (1) the ALJ's non-disability finding be found unsupported by substantial evidence and **REVERSED**; (2) this matter be **REMANDED** under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits; and (3) this case be **TERMINATED** on the Court's docket.


Date:     June 19, 2019                 s/ Michael J. Newman
                                                                              Michael J. Newman
                                                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).